Arthur W. CAMPBELL

v.

**NORTHEAST BEVERAGE CORP.**

No. 97–420–A.

Supreme Court of Rhode Island.

March 30, 1998.

David C. Moretti, Cranston.

Kenneth P. Borden, Providence.

**ORDER**

The plaintiff, Arthur W. Campbell, appeals from the entry of summary judgment in favor of the defendant, Northeast Beverage Corp. (hereinafter "Northeast"), by reason of the applicability of the exclusive-remedy provision of the Workers' Compensation Act, G.L.1956 (1995 Reenactment) § 28–29–20. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this

time, we proceed to decide this matter without further briefing or argument.

The plaintiff was employed by Centrex, Inc. (hereinafter "Centrex") as a truck driver. On April 22, 1994, he was injured after completing a delivery at the defendant's premises, when he slipped and fell from a ladder while exiting the premises. After sustaining the injuries, the plaintiff filed a workers' compensation claim with Centrex and was awarded benefits. Thereafter, the plaintiff filed a complaint against Northeast, alleging that he sustained personal injuries as a result of a "defective" ladder which was not properly maintained by the defendant. The defendant moved for summary judgment, claiming that it was entitled to immunity from suit under § 28–29–20, as a special employer. The defendant also contended that our decision in *Sorenson v. Colibri Corp.*, 650 A.2d 125 (R.I.1994) was controlling.

Northeast, in support of its motion for summary judgment, filed an affidavit by Frank Parella, Centrex's vice president of operations, stating that: (1) the plaintiff, at the time of his injury, had been on loan to the defendant; (2) plaintiff was instructed by defendant as to what he was to do and when he was to do it; (3) the defendant exercised all supervision and control over plaintiff while he was at Northeast; (4) the defendant determined the amount of time plaintiff worked; (5) the defendant had the right to refuse to accept Campbell and to terminate his employment; and (6) Centrex provided Campbell with a leased truck and billed defendant for plaintiff's wages and truck expenses.

In a counter-affidavit, the plaintiff opposed the motion for summary judgment and maintained that he was an employee of Centrex and that he was not "on loan to" the defendant. The trial justice found that "the defendant falls squarely under the definition of an employer or agent under Section 28–29–20" and that the defendant was a "special employer" pursuant to § 28–29–2(6)(ii). We are in agreement with this determination and conclude that our decision in *Sorenson* is controlling.

We have carefully considered the record in this case and, fore the reasons stated above, we find no error on the part of the Superior Court justice. Consequently, the appeal is denied and dismissed.